FARRIS, Circuit Judge,
concurring and dissenting in part:
I am pleased to join my brothers in this matter. Except that in my view we have jurisdiction over Virginia Cavins’ appeal. Federal Rule of Appellate Procedure 3(c)(4) states that “failure to name a party whose intent to appeal is otherwise clear from the notice [of appeal]” does not require dismissing the appeal. Bill and Virginia Cavins were in identical positions, represented by the same attorney, and victory on appeal for only one of them would be of significantly less value. These factors indicate that Virginia Cavins’ intent to appeal was “otherwise clear.”
Rule 3(c)(1)(A) states that “an attorney representing more than one party may describe those parties with such terms as ... ‘the plaintiffs A, B, et al’ ” in the notice of appeal’s “caption or body.” Bill and Virginia Cavins shared an attorney, who captioned the notice “National Union Fire Insurance Company, Plaintiff, v. Bill G. Cavins, et ah, Defendants.” It might have been more prudent if he had remembered that wise counsel always “dots all i’s and crosses all t’s.” He could have listed the appellants by name. He didn’t. For *901 whatever it is worth, a third of the panel does not conclude that his failure to do so was fatal to Virginia Cavins’ appeal.